**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATRINE LALENOH, | No. 10-73413 |
| Petitioner, | Agency No. A088-089-852 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Atrine Lalenoh, native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from the immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture.  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo legal findings and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny Lalenoh's petition for review.

Substantial evidence supports the agency's finding that Lalenoh did not suffer past persecution. *See id.* at 1059-60. While her experiences include, among other things, attending several churches that were later burned or destroyed and being threatened by a business competitor, a reasonable fact-finder would not be compelled to find that they rose to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *cf. Baballah v. Ashcroft*, 367 F.3d 1067, 1074-76 (9th Cir. 2004) (recognizing economic persecution where severe harassment, threats, physical violence, and discrimination made it almost impossible for petitioner to earn a living). Substantial evidence also supports the agency's finding that even under a disfavored group analysis, Lalenoh failed to establish a risk of individualized harm sufficient to demonstrate a well-founded fear of persecution. *See Halim*, 590 F.3d at 978-80. Her asylum claim fails.

Because Lalenoh could not meet her burden of establishing eligibility for asylum, the agency correctly found she could not meet the heavier burden of qualifying for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Lalenoh failed to establish it is more likely than not she will be tortured if she returns to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**