NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ATRINE LALENOH, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   13-73491 <br><br> Agency No. A088-089-852 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2017
Pasadena, California

Before:  NGUYEN and HURWITZ, Circuit Judges, and EATON,[**] Judge.

Atrine Lalenoh, a native and citizen of Indonesia, petitions for review of an

order of the Board of Immigration Appeals (BIA) denying her motion to reopen

removal proceedings. Lalenoh applied for asylum in 2006, claiming a fear of

persecution because of her Christian faith if returned to Indonesia. In September

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

2008, an Immigration Judge denied the application, finding that Lalenoh had neither shown past persecution nor established a well-founded fear of future persecution. The BIA dismissed Lalenoh's appeal, and this Court denied Lalenoh's petition for review. *See Lalenoh v. Holder*, 490 Fed. App'x. 928, 929 (9th Cir. 2012).

Lalenoh filed a motion to reopen with the BIA in July 2013, asserting that changed country conditions in Indonesia made her return more dangerous than it would have been in 2008. The BIA denied Lalenoh's motion as untimely, and Lalenoh timely petitioned for review.

We have jurisdiction under 8 U.S.C. § 1252(a). We grant the petition for review and remand to the BIA for reconsideration of Lalenoh's petition in light of our intervening opinion in *Salim v. Lynch*, 831 F.3d 1133 (9th Cir. 2016).

1. A motion to reopen is untimely if not filed within ninety days of an administrative decision, unless "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA concluded that Lalenoh had not demonstrated the changed circumstances necessary to avoid the ninety-day bar. In *Salim*, we held that a motion to reopen materially indistinguishable from Lalenoh's provided "substantial evidence" of a material change in country conditions between 2006 and 2013 in Indonesia with respect to the persecution of Christians. 831 F.3d at 1138.

2

Because the BIA did not have the benefit of *Salim* when rendering its decision in this case, we remand to allow the agency to address the application of *Salim* to Lalenoh's motion to reopen in in the first instance.

2. As the government conceded at oral argument, the evidence in Lalenoh's motion to reopen concerning her individualized risk of persecution if returned to Indonesia is indistinguishable from the evidence presented in *Salim* on that topic, which the *Salim* panel found sufficient to justify granting the petition for review. *See* 831 F.3d at 1138–41. Accordingly, we remand for the BIA to reconsider Lalenoh's showing of individualized risk of persecution in light of *Salim*.

**GRANTED and REMANDED.**