NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE OLIVIANI WIDJAJA, | No. 15-70553 |
| Petitioner, | Agency No. A079-519-763 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and ZOUHARY,** District
Judge.

Christine Oliviani Widjaja ("Petitioner"), a native and citizen of Indonesia,

petitions for review of a 2015 Board of Immigration Appeals ("BIA") order

denying a motion to reopen her removal proceedings. We grant the petition for

review and remand to the BIA for reconsideration of Petitioner's motion to reopen

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

in light of all of the evidence before it, including the Freedom House and United States Commission on International Religious Freedom reports, as well as our intervening opinion in *Salim v. Lynch*, 831 F.3d 1133 (9th Cir. 2016).

*Salim* also concerned a Christian Indonesian, and we held there that the BIA abused its discretion when it denied the petitioner's motion to reopen. *Id.* at 1137–41. We concluded that, based on evidence similar to the evidence presented here, there was substantial evidence of materially changed country conditions for Christians in Indonesia between 2006 and 2013. *Id.* at 1137–39. We also concluded that, based on evidence similar to the evidence presented here, and considering that Christians in Indonesia are a "disfavored group," the petitioner had sufficiently demonstrated an individualized risk of persecution. *Id.* at 1139–41.

Because the BIA did not have the benefit of *Salim* when it rendered its decision in this case, we remand to allow the BIA to address the application of *Salim* to Petitioner's motion to reopen in the first instance. *See, e.g.*, *Kui Khi Sie v. Sessions*, 740 F. App'x 123, (9th Cir. 2018) (remanding to the BIA to address the application of *Salim* to petitioners' motion to reopen); *Harahap v. Sessions*, 723 F. App'x 534 (9th Cir. 2018) (same); *Lalenoh v. Sessions*, 705 F. App'x 591 (9th Cir. 2017) (same).

**PETITION GRANTED, and REMANDED.**